## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

BRYCE BABINEAUX

    Plaintiff,

v.

TALCOTT RESOLUTION LIFE AND
ANNUITY INSURANCE COMPANY,

    Defendant.

Civil Action No. 6:24-cv-00023

---

TALCOTT RESOLUTION LIFE AND
ANNUITY INSURANCE COMPANY,

Counter-Claimant and Third Party Plaintiff,

v.

BRYCE BABINEAUX,

    Counter-Defendant,

and

JULIE UNDERWOOD, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF KATHERINE
MASHBURN

    Third Party Defendant.

---

**TALCOTT RESOLUTION LIFE AND ANNUITY INSURANCE COMPANY'S
ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
<u>THIRD-PARTY COMPLAINT FOR RELIEF IN INTERPLEADER</u>**

Defendant Talcott Resolution Life and Annuity Insurance Company ("Talcott"), f/k/a

Hartford Life and Annuity Insurance Company ("HLAIC"), through its undersigned counsel,

{01181451.DOCX;2}

answers the Petition to Enforce Insurance Contract, for Recovery of Proceeds, and/or for Damages ("Petition") filed by Plaintiff, Bryce Babineaux ("Plaintiff"), as follows:

## ANSWER TO COMPLAINT

1. Talcott admits the allegations set forth in Paragraph 1 of the Petition.

2. Talcott states that no response is required as the allegations set forth in Paragraph 2 of the Petition as they state a legal conclusion; to the extent a response is deemed required, Talcott denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and thereby, denies the same.

3. Talcott admits the allegations set forth in Paragraph 3 of the Petition, and also affirmatively states that at the time that the life insurance policy that is the subject of this action was issued, the issuing company was HLAIC and the policy was administered by The Prudential Insurance Company of America ("Prudential"). In or about May 2018, HLAIC was sold. As a result of the May 2018 sale, the issuing company for this policy is now Talcott, and Prudential remains the administrator. Prudential Financial, Inc. and its affiliates are not affiliates of Talcott Resolution, or its subsidiaries.

4. Talcott denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Petition.

5. Talcott admits the allegations set forth in Paragraph 5 of the Petition.

6. Talcott admits the allegations set forth in Paragraph 6 of the Petition.

7. Talcott denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Petition, and thereby, denies the same.

8. Talcott admits the allegations set forth in Paragraph 8 of the Petition.

9. Talcott denies the allegations set forth in Paragraph 9 of the Petition.

10. Talcott admits the allegations set forth in Paragraph 10 of the Petition.

11. Talcott denies the allegations set forth in Paragraph 11 of the Petition.

12. Talcott states that no response is required as the allegations set forth in Paragraph 12 of the Petition as they state a legal conclusion; to the extent a response is deemed required, Talcott denies the same.

13. Talcott states that no response is required as the allegations set forth in Paragraph 13 of the Petition as they state a legal conclusion; to the extent a response is deemed required, Talcott denies the same.

14. Talcott denies the allegations set forth in Paragraph 14 of the Petition.

15. Talcott admits the allegations set forth in Paragraph 15 of the Petition to the extent that it describes the relief Plaintiff is seeking.

## AFFIRMATIVE DEFENSES

1. The Petition fails to state a claim upon which relief can be granted.

2. The Petition, and each purported cause of action contained therein, fails to state a cause of action because the injuries and damages purportedly incurred by Plaintiff are not the result of any acts, omissions, or other conduct of Talcott, or any of its agents or employees.

3. Plaintiff's claims are barred because Talcott's actions were made in good faith, were reasonable, were based on substantial evidence, and were not arbitrary or capricious.

4. Plaintiff's claims are barred by the terms of a written contract and applicable disclaimers and limitations on services to be rendered by Talcott and others.

5. Talcott has fully performed its contractual duties in all respects.

6. Plaintiff may not be entitled to the death benefits at issue in this action pursuant to the terms of the life insurance policy at issue and/or due to other superseding factors.

7. Talcott, as neutral stakeholder of the funds at issue, is prepared to pay the death benefits to the rightful beneficiary or beneficiaries once they have been established. In the alternative, Talcott will interplead the death benefits with the Court so that the funds may be distributed once the Court has determined the rightful beneficiary or beneficiaries.

8. Talcott reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined by complete and full discovery.

**WHEREFORE**, Talcott prays that the Court enter judgment:

(a) dismissing the Petition to the extent it seeks relief against Talcott other than, or in addition to, payment by Talcott of the death benefits at issue; and

(b) awarding Talcott any other and further relief that this Court deems just and proper.

## TALCOTT'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR RELIEF IN INTERPLEADER

Talcott, by and through its undersigned attorneys, for its Counterclaim and Third-Party Complaint for Relief in Interpleader alleges as follows:

### PARTIES

1. Talcott is an insurance company organized and existing under the laws of the State of Connecticut with its principal place of business in Connecticut. Talcott is duly authorized to do business in the State of Louisiana. As previously stated in the Answer, at the time that the life insurance policy that is the subject of this action was issued, the issuing company was HLAIC and the policy was administered by Prudential. In or about May 2018, HLAIC was sold. As a result of the May 2018 sale, the issuing company for this policy is now Talcott, and Prudential remains the administrator.

2. Upon information and belief, Counter-Defendant Bryce Babineaux ("Bryce") is an adult citizen of Louisiana and domiciled in Acadia Parish, Louisiana.

3. Upon information and belief, Third-Party Defendant Estate of Katherine Mashburn ("Estate") is a succession proceeding pending in the Probate Court of Lafayette Parish, Louisiana. Julie Underwood is an adult citizen of Louisiana and was appointed by the Lafayette Parish Probate Court as Administrator of the Estate. For purposes of citizenship, the Estate is deemed a citizen of Louisiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Talcott is a citizen of Connecticut and the Counter-Defendant and Third-Party Defendants are citizens of Louisiana for diversity purposes.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Venue is also proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

7. HLAIC, now known as Talcott, issued flexible premium variable universal life insurance policy number VL3148814 to Eric Babineaux (the "Insured") which provided coverage on the life of the Insured with a contract date of October 12, 2012 in the initial face amount of $300,000.00 ("Eric's Policy"). *A specimen copy of Eric's Policy is attached hereto as* **Exhibit A.**

8. By Application dated August 20, 2012, the Insured designated his wife, Katherine Babineaux (Katherine), as sole primary beneficiary to the Policy proceeds, and his son, Bryce Arron Babineaux, as sole contingent beneficiary to the Policy proceeds. *A copy of the Application*

*dated August 20, 2012 is included as part of the specimen copy of Eric's Policy attached hereto as* **Exhibit A.**

9. Talcott also issued flexible premium variable universal life insurance policy number VL3165637 ("Katherine's Policy") to Katherine with a contract date of December 20, 2012, which provided coverage on Katherine's life. Katherine designated Eric as sole primary beneficiary to the proceeds of this policy, and her lawful surviving children as equal contingent beneficiaries.

10. On or about May 18, 2016, Eric's Policy was amended to reflect that the face amount of the policy was decreased to $297,000.  *A copy of the endorsement to Eric's Policy dated May 18, 2016 is included as part of the specimen copy of Eric's Policy attached hereto as* **Exhibit A.**

11. On or about June 12, 2017, Eric's Policy was amended to reflect that the face amount of the policy was increased to $500,000.  *A copy of the endorsement to Eric's Policy dated June 12, 2017 is included as part of the specimen copy of Eric's Policy attached hereto as* **Exhibit A.**

12. Upon information and belief, on or about April 17, 2023, the Insured shot Katherine, who died from her injuries, and then killed himself. The Insured and Katherine's Certifications of Death indicate that they died at the same time. *Copies of the Insured and Katherine's Certifications of Death are attached hereto as* **Exhibits B and C, respectively**.

13. As a result of the death of the Insured, death benefits in the amount of $500,000.00 (the "Death Benefit") became due to a beneficiary or beneficiaries, and Talcott concedes liability to that effect.

14. By letter dated April 28, 2023, counsel for the Estate advised Talcott that, among other things, the Estate objected to "payment of any insurance proceeds, under either [Eric's Policy or Katherine's Policy], to or for Eric Babineaux, or his estate or beneficiaries," and demanded "that all policy proceeds be paid to the estate of Katherine Mashburn Babineaux . . . ." *A copy of the April 28, 2023 letter is attached hereto as* **Exhibit D.**

15. By letter dated June 7, 2023, Talcott asked counsel for the Estate to submit a Claimant Statement, death certificates for the Insured and Katherine, and contact information for Bryce. *A copy of the June 7, 2023 letter is attached hereto as* **Exhibit E** *without enclosures.*

16. By letters dated June 28, 2023 and July 20, 2023, Talcott asked Bryce to submit a Claimant Statement, and death certificates for the Insured and Katherine. *Copies of the June 28, 2023 and July 20, 2023 letters are attached hereto as* **Exhibit F** *without enclosures.*

17. By Claimant Statement dated August 1, 2023, Bryce made a claim to the proceeds of Eric's Policy. *A copy of the Claimant Statement dated August 1, 2023 is attached hereto as* **Exhibit G**.

18. By letters dated August 10, 2023, Talcott advised Bryce and counsel for Katherine's Estate that it was reviewing Eric's Policy and would advise them upon completion of its review. *Copies of the August 10, 2023 letters are attached hereto as* **Exhibit H**.

19. By letters dated August 17, 2023, Talcott advised Bryce and counsel for Katherine's Estate, among other things, that there were competing claims to Eric's Policy and that under the circumstances, Talcott would initiate an interpleader unless the competing claimants independently resolved their dispute. Talcott further stated that it would refrain from initiating an interpleader for 30 days to give the parties an opportunity to reach agreement as to the disposition

of the proceeds of Eric's Policy. *Copies of the August 17, 2023 letters are attached hereto as* ***Exhibit I***.

20. By letter dated August 31, 2023, counsel for Bryce, among other things, requested that Talcott provide copies of Eric's Policy, Katherine's Policy, and Bryce's Claimant Statement. *A copy of the August 31, 2023 letter is attached hereto as* ***Exhibit J***.

21. By letter dated September 7, 2023, Talcott advised counsel for Bryce that it was reviewing the Policy and would advise them upon completion of its review. *A copy of the September 7, 2023 letter is attached hereto as* ***Exhibit K***.

22. By letters dated September 14, 2023 and October 9, 2023, Talcott provided counsel for Bryce with a copy of Bryce's Claimant Statement and advised that copies Eric's Policy and Katherine's Policy could only be produced to their estates. *Copies of the September 14, 2023 and October 9, 2023 letters are attached hereto as* ***Exhibit L*** *without enclosures.*

23. By letter dated October 13, 2023, counsel for the Estate advised Talcott that the Estate was withdrawing any claim that it had to Katherine's Policy, but was reserving its right to assert a claim to the proceeds of Eric's Policy. *A copy of the October 13, 2023 letter is attached hereto as* ***Exhibit M***.

24. By letter dated October 31, 2023, Talcott advised counsel for Bryce that copies of Eric's Policy and Katherine's Policy could only be produced to their estates, and that if Talcott did not hear from counsel with thirty days, the unpaid death benefits would be placed in Talcott's unclaimed property account. *A copy of the October 31, 2023 letters is attached hereto as* ***Exhibit N***.

25. On or about November 16, 2023, Bryce filed the Petition in the 15th Judicial District of Lafayette Parish, Louisiana seeking, *inter alia*, a declaration that Bryce is the beneficiary of

Eric's Policy and an order directing Talcott to pay the proceeds of Eric's Policy to Bryce in the action captioned, *Bryce Babineaux v. Talcott Resolution Life and Annuity Insurance Company*, and bearing case number C-20236489-J, which was subsequently removed to this United States District Court on January 5, 2024. (ECF Doc. 1).

26. By letter dated November 14, 2023, counsel for the Estate requested that Talcott immediately pay the proceeds of Katherine's Policy to Katherine's children, and advised that the Estate and heirs reserved all rights as to Eric's Policy. *A copy of the November 14, 2023 letter is attached hereto as* **Exhibit O**.

27. There have been no other claims for the Death Benefit. Under the circumstances, Talcott cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of Bryce and the Estate (the "Adverse Claimants"), Talcott is or may be exposed to multiple liability.

28. Talcott is ready, willing, and able to pay the Death Benefit, plus applicable interest, if any, payable in accordance with the terms of Eric's Policy and to whomever this Court shall designate.

29. As a mere stakeholder, Talcott has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit due and respectfully requests that this Court determine to whom said benefits should be paid.

30. Talcott, accordingly, will deposit into the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

31. Talcott has not brought these claims for Interpleader at the request of any of the Adverse Claimants. There is no fraud or collusion between Talcott and any of the Adverse

Claimants. Talcott brings these claims for Relief in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Talcott prays that the Court enter judgment:

(a) dismissing the Petition to the extent it seeks relief against Talcott other than, or in addition to, payment by Talcott of the Death Benefit;

(b) requiring the Adverse Claimants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c) enjoining the Adverse Claimants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with Eric's Policy or the Death Benefit;

(d) permitting Talcott to deposit the amount of the Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(e) discharging Talcott from any and all further liability to the Adverse Claimants that relates in any way to Eric's Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) dismissing with prejudice Talcott from this action following deposit of the Death Benefit with the Registry of the Court or as otherwise directed by this Court;

(g) awarding Talcott its attorneys' fees and costs in their entirety; and

(h) awarding Talcott any other and further relief that this Court deems just and proper.

Dated: January 29, 2024             Respectfully submitted

By:   /s/Valerie Theng Matherne
**VALERIE THENG MATHERNE (#25898)**
**JAMES M. MATHERNE (#26155)**
**COLIN F. LOZES (#35893)**
**COURINGTON, KIEFER, SOMMERS,**
**MARULLO & MATHERNE, L.L.C.**
P. O. Box 2350
New Orleans, LA 70176
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
Email: vmatherne@courington-law.com

        jmatherne@courington-law.com
        clozes@courington-law.com
        Counsel for Defendant Talcott Resolution
        Life and Annuity Insurance Company